UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ANTHONY WOODFORK,<br><br>Plaintiff,<br><br>v.<br><br>AREF FAKHOURY, et al.,<br><br>Defendants. | NO. CV 09-6849-JVS (AGR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT** |

**I.**

**BACKGROUND**

On October 6, 2009, Plaintiff, who is incarcerated at California Institution for Men, filed a complaint pursuant to 42 U.S.C. § 1983. In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court has screened the complaint to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

The Court's screening is governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a

cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

After review of the complaint under these standards, the Court finds that it fails to state a claim upon which relief may be granted. However, before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is absolutely clear the deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-24; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## **ALLEGATIONS IN COMPLAINT**

Plaintiff's names the following defendants in their individual and official capacities: (1) K. Brown, Correctional Sergeant; (2) M. Espinoza, Correctional Officer; (3) Fuentes, Correctional Officer; (4) Iwu, Correctional Officer; (5) Castro, Correctional Officer; (6) J. Shut, Correctional Officer; and (7) Quatman, Correctional Officer.[1] (Complaint at 3 to 4-2.)

On April 14, 2009, Defendant Espinoza ordered Plaintiff to expose his genitals to female officers and to 150-200 other inmates in the yard. (Complaint

---

[1] In the complaint caption, Plaintiff lists as defendants Aref Farkhoury, Warden; and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation. However, Plaintiff does not name them as defendants in the body of the complaint or refer to them in any way.

at 5.) Defendant Brown told Espinoza to order Plaintiff to "come up on the front porch bend over spread the cheeks of my buttocks and cough 3 times to public view." (*Id.*) Defendants Fuentes, Castro, Iwu, Quatman, and Shut did not report Brown's and Espinoza's conduct. (*Id.*)

Plaintiff seeks damages.

## III.

## **DISCUSSION**

### A. Individual Capacity

A complaint must set forth facts establishing a basis for each defendant's liability. "Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "An officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). "Integral participation does not require that each officer's actions themselves rise to the level of a constitutional violation." *Id.* (citation and quotation marks omitted). A person may also be liable if the actor "set[s] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

There are no facts supporting individual liability for Fuentes, Castro, Iwu, Quatman, and Shut.[2] Plaintiff has not alleged that any of these defendants was personally involved in any alleged constitutional violation. Their failure to report their colleagues' alleged misconduct does not state a claim. *See Collins v. City of Harker Heights*, 503 U.S. 115, 123, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) ("vicarious liability will not attach under § 1983.").

---

[2] To the extent Plaintiff intended to name Fakhoury and Cate as defendants, Plaintiff has alleged no facts concerning them, either.

If Plaintiff chooses to amend his complaint, he must allege additional facts to implicate these defendants in their individual capacity, or he may not name them in their individual capacity.

### B. Official Capacity

Generally, the Eleventh Amendment bars suits against state entities regardless of the relief sought.[3] *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Since suits for retroactive relief against state officials in their official capacity generally constitute suits against the state itself, federal courts lack jurisdiction to entertain such suits. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

If Plaintiff chooses to amend his complaint, he may not name any defendant in his official capacity.[4]

### C. Eighth Amendment

"When prisoners challenge conditions or deprivations associated with their confinement, a court must consider the two components of an Eighth Amendment claim: (1) the objective component, which addresses whether the deprivation was sufficiently serious to constitute cruel and unusual punishment; and (2) the subjective component, which addresses whether the prison officials acted with a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). "If the pain inflicted is not formally meted out as *punishment* . . ., some mental element must be attributed to the inflicting officer before it can qualify" as punitive. *Id.* at 300 (emphasis in original). Such intent may be inferred if the conduct "is not reasonably related to a legitimate goal

---

[3] Suits seeking "prospective injunctive relief against [a] state official for a violation of federal law" are not barred by the Eleventh Amendment. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 953 (9th Cir. 2008).

[4] Barring any new allegations in conformance with the standards set forth in this order, effectively Plaintiff may not name Defendants Fuentes, Castro, Iwu, Quatman, and Shut in any capacity.

4

– if it is arbitrary or purposeless." *See Bell v. Wolfish*, 441 U.S. 520, 539, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).[5]

Plaintiff has failed to allege that Defendants Espinoza and Brown acted with punitive intent. *Id.* at 1218 (Plaintiff has not alleged that Defendants "knew the cross-gender aspect of the search would cause [him] harm").[6]

Therefore, if Plaintiff chooses to amend his complaint, he must allege sufficient facts in conformance with the above legal standard.

### D. Equal Protection

Plaintiff alleges that Defendants' "non-professional conduct" violated the Equal Protection Clause. (Complaint at 5.) "Section 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Byrd*, 565 F.3d at 1212 (citation and quotation marks omitted). Plaintiff must also allege that the discrimination was based on his membership in a suspect class. *Id.*

Plaintiff has not alleged that he is a member in a suspect class or that he was discriminated against because of that membership.

Therefore, if Plaintiff chooses to amend his complaint, he must allege sufficient facts in conformance with the above legal standard.

### E. Other Claims

Plaintiff's claims that Defendants violated the First, Fifth, and Eleventh Amendments are without factual or legal support. (Complaint at 5.)

---

[5] Although *Wilson* and *Bell* both involved pretrial detainees, the same standard applies to convicted inmates. *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997); *Jordan v. Gardner*, 986 F.2d 1521, 1525-27 (9th Cir. 1993).

[6] Although Plaintiff has not alleged that the visual search (or exposure) of his genitals and buttocks violated the Fourth Amendment, even if he had, he still has failed to state a claim. *See Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (prisoner strip searches are reasonable under the Fourth Amendment unless they are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest").

5

Accordingly, unless Plaintiff can allege facts in support of these claims, he must not include them in an amended complaint.[7]

### IV.
### CONCLUSION

If Plaintiff chooses to file a First Amended Complaint, **it must be filed no later than February 8, 2010**; bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document. Further, if Plaintiff chooses to proceed with this action, he must use the blank Central District civil rights complaint form accompanying this order, sign and date the form, completely and accurately fill out the form, and use the space provided in the form to set forth all of the claims he wishes to assert.

The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

**Plaintiff is admonished that if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his complaint as discussed above, the Court may recommend dismissal of all or part of the complaint for failure to state a claim and/or for failure to prosecute.**

**IT IS SO ORDERED**.

DATED: January 6, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[7] Plaintiff's claims that Defendants violated various California regulations are also without support. (Complaint at 5.)

6